Hat, Judge,
delivered the opinion of the court:
The plaintiff, after serving for thirty years in the Army as an enlisted man, was, on December 10, 1911, retired while serving as a first sergeant. On October 23,191T, he accepted an appointment as captain, Quartermaster Corps, National Army, and on February 2T, 1919, he accepted an appointment as major, and was honorably discharged from the service on August 25, 1919, as a major, Quartermaster Corps. He served with the American Expeditionary Forces from April T, 1918, to July 30, 1919. He then reverted to the retired list as an enlisted man. After June 4, 1920, he received the retired pay of a warrant officer of the Army as provided in the act of June 4, 1920, 41 Stat. T61, T86, which act provides as follows:
“ * * * Retired enlisted men who have served honorably as commissioned officers of the United States Army at *474 some time between April 6, 1917, and November 11, 1918, including those who have been placed on tthe retired list during the World War, and who have been or may hereafter be discharged from their temporary commissions, shall receive the retired pay and allowances of warrant officers on the retired list, as provided in this act, * * *
“ * * * Warrant officers, other than those of the Army Mine Planter Service, shall receive base pay of $1,320 a year and the allowances of a second lieutenant, shall be entitled to longevity pay and to retirement under the same conditions as commissioned officers, * *
The plaintiff claims in this suit that he is entitled to be paid the retired pay of a warrant officer under the provisions of the act of June 10, 1922, 42 Stat. 629. The amount he claims is the sum of $539.40 more than was actually received by him for the period from July 1, 1922, to June 6, 1924. See the act of June 6, 1924, 43 Stat. 472.
The plaintiff claims that for the period mentioned he was in effect a retired warrant officer, and that as' such he is entitled to the retired pay of a warrant officer provided for in the act of June 10, 1922.
The act of June 4, 1920, gave to enlisted men who had served honorably as commissioned officers of the United States Army at some time between April 6, 1917, and November 11, 1918, the retired pay and allowance of warrant officers on the retired list, as provided in that act. By virtue of this act certain retired enlisted men were, as to pay, put in a class of their own. There is nothing in the act which can be said to change their status from enlisted men to warrant officers; they still continued to be enlisted men, but were to receive the pay and allowances of warrant officers if they had served as commissioned officers of the United States Army in accordance with the provisions of the act. The act did not make them warrant officers on the retired list, and no subsequent legislation dealing with the pay of warrant officers on the retired list could have any effect upon the pay of this class of retired enlisted men, for their status as to pay was fixed by the act of June 4,1920; that pay was the retired pay and allowances of warrant officers on the retired list as provided in that act. The *475 plaintiff was never a warrant officer, and unless some subsequent legislation gave him that status he must be paid under the provisions of the act of June 4, 1920. If, indeed, the act of June 10, 1922, can be construed to mean that enlisted men of the Army on the retired list are to be paid as warrant officers on the retired list, then the plaintiff is entitled to recover. But we can not so construe the act of June 10, 1922. The plaintiff cites the provision of the act •of June 10, 1922, which provides that “ on and after July 1, 1922, retired enlisted men of the Army and Marine Corps shall have their retired pay computed as now authorized by law on the basis of pay provided in this act,” which must mean that the pay of retired enlisted men must be computed on the basis of active pay provided for enlisted men by that act, and so if it is to be so computed the plaintiff would get less retired pay than he is now receiving; but the provisions of the act of June 4, 1920, saved the plaintiff, who is in a special class of retired enlisted men, from receiving less pay than is provided for in the act of June 4, 1920. See 2 Comp. Gen. 96.
The petition of the plaintiff must be dismissed. It is so ordered.
Moss, Judge; Graham, Judge; Booth, Judge; and Campbell, Chief Justice, concur.